UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3|27|15___
```

PETER MAYER PUBLISHERS INC. d/b/a
OVERLOOK PRESS,

                Plaintiff,

        - against -

DARIA SHILOVSKAYA and SERGEY
SHILOVSKIY,

              Defendants.

**ORDER**

12 Civ. 8867 (PGG) (HBP)

PAUL G. GARDEPHE, U.S.D.J.:

      This is a declaratory judgment action that involves a copyright dispute concerning The Master and Margarita ("the Work"), the well-known Russian novel written by Mikhail Bulgakov. Upon its initial publication in 1968, the Work entered the public domain for failure to comply with the formalities of the United States Copyright Act. Ardis Publishers, the predecessor-in-interest to Plaintiff Peter Mayer Publishers, Inc., d/b/a Overlook Press, created and published an English translation ("the Translation") of the Work and, in 1996, secured a copyright to the Translation. Plaintiff, or its predecessor-in-interest, has been publishing the Translation in printed form since that time. Defendants Daria Shilovskaya and Sergey Shilovskiy – Bulgakov's descendants – hold a restored copyright interest in the Work as a result of the Uruguay Round Agreements Act ("URAA"). The URAA, codified at Section 104A of the Copyright Act, restored copyrights to certain foreign works, but also offered safeguards to those who, like Plaintiff, had relied on the public domain status of those works.

      In an earlier ruling, this Court held that an eBook version of the Translation does not constitute a new derivative work for purposes of Section 104A(d)(3)(B) of the Copyright Act

and therefore does not infringe on Defendants' restored copyright.  Accordingly, the only remaining issue in this case is Plaintiff's cause of action seeking a judicial determination of compensation pursuant to Section 104A(d)(3)(B) of the Copyright Act.  In response to the Court's invitation to brief the compensation issue, Defendants filed a motion for summary judgment "on the amount of reasonable compensation due from Plaintiffs to Defendants pursuant to 17 U.S.C. 104A(d)(3)(B)."  (Def. Memorandum of Law in Support of Motion for Summary Judgment ("Def. Br.") (Dkt. No. 29) at 5)  This Court referred the motion to Magistrate Judge Pitman for a Report and Recommendation ("R&R").  (Dkt. No. 36)

On February 6, 2015, Judge Pitman issued an R&R in which he recommended that the Court deny Defendants' motion for summary judgment on the issue of reasonable compensation.  (R&R (Dkt. No. 38))  Judge Pitman found that "[n]either side has offered evidence sufficiently probative to demonstrate that there is only one royalty rate that constitutes reasonable compensation."  (Id. at 17-18)  On February 20, 2015, Plaintiff filed timely written objections to the R&R.  (Dkt. No. 39)  On February 23, 2015, Defendants filed a response to Plaintiff's objections.  (Dkt. No. 40)  For the reasons set forth below, this Court concludes that the record is not adequate to permit this Court to determine "reasonable compensation." Accordingly, Defendants' motion for summary judgment will be denied.

## BACKGROUND[1]

Bulgakov wrote the Work, which critics have lauded as one of the great novels of the twentieth century, sometime before his death in 1940.  (Joint Stipulation ("Joint Stip.") (Dkt. No. 15-1) ¶ 5)  The Work was first published in 1968 when Bulgakov's heirs – predecessors-in-interest to Defendants – authorized its publication in France.  (Id. ¶ 6)  Because Bulgakov's heirs

---

[1] Familiarity with this Court's prior orders is assumed.

did not comply with the formalities of American copyright law, the Work entered the public domain when it was initially published. (Id. ¶ 7) Pursuant to the Uruguay Round Agreements Act, which was enacted by Congress in 1994 and which amended Section 104A of the Copyright Act, U.S. copyright protection was restored to the Work as of January 1, 1996, the URAA's effective date. Id. ¶¶ 20-21; 17 U.S.C. § 104A(h)(2)(A).

In 1989, Ardis Publishers ("Ardis"), predecessors-in-interest to Plaintiff, commissioned the English-language Translation. (Joint Stip. (Dkt. No. 15-1) ¶ 9) Ardis began publishing the Translation in hardcover and paperback in 1995 and registered a copyright for it in 1996. (Id. ¶¶ 10-11) In 1999, Ardis licensed the print publication rights to the Vintage division of Random House, Inc., and Vintage continues to publish the Translation in paperback. (Id. ¶ 12) Plaintiff succeeded to all rights in the Translation when it purchased Ardis in 2001. (Id. ¶ 8) Because Ardis had relied on the public domain status of the Work when it commissioned the Translation, the parties do not dispute that, pursuant to Section 104A, Plaintiff is a reliance party whose printed Translation is a "derivative work" that may be exploited. Id. ¶ 24; see also 17 U.S.C. § 104A(d)(3). The parties further agree that Plaintiff has at all times paid the Defendants a mutually agreed upon royalty for Plaintiff's continued publication of the Translation in print form. (Joint Stip. (Dkt. No. 15-1) ¶ 24)

No electronic version of the Translation currently exists, but Plaintiff intends to publish an eBook version of the Translation. (Id. ¶¶ 13-14) On December 6, 2012, Plaintiff filed this action seeking a declaratory judgment that its planned electronic publication of the Translation does not infringe any copyright of Defendants, as well as a judicial determination of what reasonable compensation is due to Defendants for Plaintiff's lawful exploitation of its copyright in electronic form. (Cmplt. (Dkt. No. 1) ¶¶ 26, 30) In their Answer, Defendants

claimed that publication of an eBook version of the Translation would constitute a copyright infringement. (Ans. (Dkt. No. 4) at 3-4)  Defendants went on to request, however, that "[s]hould the Court determine that the publication of the Translation of the Work in ebook form by the Plaintiff is authorized by 17 U.S.C. [§] 104A(d)(3)(A), [the Court enter judgment] determining pursuant to 17 U.S.C. [§] 104A(d)(3)(B) the appropriate compensation to Defendants for such publication." (Id. at 4)

On March 31, 2014, this Court granted Plaintiff's motion for summary judgment on the issue of infringement, declaring that Plaintiff has the right to publish the Translation in electronic book ("eBook") form. (Memorandum Opinion and Order (Dkt. No. 22) at 2, 17)  This Court determined that creation of the proposed eBook version of the Translation would not result in a new "derivative work" under the Copyright Act, and would not infringe any copyright interest of the Defendants. (Id. at 17)  In the same Order, the Court set a briefing schedule on the compensation issue, which had not previously been briefed by the parties. (Id.)

In response to the Court's invitation to brief the compensation issue, Defendants filed a motion for summary judgment "on the amount of reasonable compensation due from Plaintiffs to Defendants pursuant to 17 U.S.C. 104A(d)(3)(B)." (Def. Br. (Dkt. No. 29) at 5)  Defendants argue that "reasonable compensation would be either a 35% royalty on the sale price of an eBook to the consumer with an advance of $100,000.00 or a 70% royalty on that sale price with no advance." (Id. at 16)  Plaintiff filed a brief in opposition to Defendants' motion, arguing that "reasonable compensation for Plaintiff's ebook translation [should be] based on the standard market rate of 25 percent of net receipts for so long as Plaintiff's edition is the sole authorized ebook, with the rate reduced pro rata as Defendants authorize other ebooks." (Pltf. Br. (Dkt. No. 34) at 9)  Although the parties disagree as to what constitutes "reasonable compensation," they

"jointly request this Court to determine the amount of [reasonable] compensation after consideration of the factors provided in subsection (d)(3)(B) [of 17 U.S.C. § 104A] in the light of the evidence addressing those factors submitted by the parties." (Joint Stip. (Dkt. No. 15-1) ¶ 29; Def. 56.1 Stmt. (Dkt. No. 33) ¶ 6; Pltf. 56.1 Stmt. (Dkt. No. 35) ¶ 6)

In his February 6, 2015 R & R, Judge Pitman states that what constitutes "reasonable compensation" is a question of fact, and that "neither [party] has offered evidence sufficiently probative to demonstrate that there is only one royalty rate that constitutes reasonable compensation." (R&R (Dkt. No. 38) at 10, 17-18) He therefore recommended that summary judgment on the issue of reasonable compensation be denied. (Id. at 18) Judge Pitman commented that "[i]t appears that the parties have lost sight of the procedural posture of the case," and concluded that "[s]ummary judgment is inappropriate here because the record is too meager to support the conclusion that a reasonable jury could only provide one answer to the question of what constitutes reasonable compensation." (Id. at 12-13)

## DISCUSSION

### I.   STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y.1985) (citations omitted). Where, a party submits a timely objection to the report and recommendation, the Court reviews those portions of the report to which the party objected under a de novo standard. See Fed. R. Civ. P. 72(b)(3). "Objections that are 'merely

perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke <u>de novo</u> review.'" <u>Phillips v. Reed Grp., Ltd.</u>, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting <u>Vega v. Artuz</u>, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (alteration in <u>Phillips</u>).  "In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error."  <u>Id.</u>

## II.  PLAINTIFF'S OBJECTIONS TO THE R&R

Plaintiff objects to Judge Pitman's conclusion that factual issues preclude a determination of reasonable compensation, and argues that "[t]he publishing industry's standard royalty rate for ebooks is not a fact in dispute."  (Plaintiff's Objections to Report and Recommendation ("Pltf. Obj.") (Dkt. No. 39) at 2)  Plaintiff asserts that the undisputable standard royalty rate for eBooks in the publishing market is 25% of net receipts.  (<u>Id.</u> (citing Carns Decl. (Dkt. No. 34-1) ¶ 6))  Plaintiff also contends that Defendants' submissions on the compensation issue are "of limited if any value in measuring reasonable compensation," because the two agreements Defendants point to are not reliable measures of market value in the context of this case.  (<u>Id.</u> at 3)  Finally, Plaintiff reiterates that this Court should decide the issue of reasonable compensation, because the statute provides that – when parties cannot agree on compensation – compensation may be set with the assistance of a district court.  (<u>Id.</u> at 4)  Plaintiff notes that "[t]hough styled as a motion for summary judgment, [Defendants'] request simply sought a judicial determination pursuant to 17 U.S.C. § 104A."  (<u>Id.</u> at 4 n.2)  Plaintiff thus requests that the Court set compensation in the amount of 25% of net receipts, so long as Plaintiff's edition of the eBook translation is the "sole authorized ebook, with the rate reduced pro rata as Defendants authorize other ebooks."  (<u>Id.</u> at 4-5)

On February 23, 2015, Defendants filed a response to Plaintiff's objections, in which they "concur with Plaintiff that the Court should reject the Magistrate's recommendation insofar as the Magistrate declined to determine the issue presented, i.e., the reasonable compensation that Plaintiff must pay to the Defendants for the right to publish an ebook edition of [the Work]." (Defendants' Objections to Report and Recommendation ("Def. Obj.") (Dkt. No. 40) at 2) However, Defendants disagree with Plaintiff's assertion that 25% of net receipts in royalties is reasonable compensation. (Id.) Defendants also propose a different method for calculating "reasonable compensation" than that set forth in their moving papers. Defendants now argue that reasonable compensation is "an equal division of the net proceeds that Plaintiff will receive from its sublicense of ebook rights in the Work." (Id. at 3)

Section 104A(d)(3)(A) provides that a reliance party such as Plaintiff

> may continue to exploit [a] derivative work for the duration of the restored copyright if the reliance party pays to the owner of the restored copyright reasonable compensation for conduct which would be subject to a remedy for infringement but for the provisions of this paragraph.

17 U.S.C. § 104A(d)(3)(A). A reliance party thus "may indefinitely exploit the derivation upon payment to the copyright holder of 'reasonable compensation,' to be set by a district judge if the parties cannot agree." Golan v. Holder, 132 S. Ct. 873, 883 (2012) (citing § 104A(d)(3)). "In other words, a person who created a new work of art by borrowing from a work then in the public domain but now protected by virtue of Section 104A restoration cannot be prohibited from exploiting that independent creation, but can be required to pay a licensing-type fee." Hoepker v. Kruger, 200 F. Supp. 2d 340, 346 (S.D.N.Y. 2002).

The Copyright Act does not define "reasonable compensation," and provides limited guidance for making a "reasonable compensation" determination:

> In the absence of an agreement between the parties, the amount of such compensation shall be determined by an action in United States district court, and shall reflect any harm to the actual or potential market for or value of the restored work from the reliance party's continued exploitation of the work, as well as compensation for the relative contributions of expression of the author of the restored work and the reliance party to the derivative work.

17 U.S.C. § 104A(d)(3)(B).

This Court agrees with Judge Pitman that the record is not adequate at this point to permit the Court to determine "reasonable compensation." Defendants' shifting position concerning the proper compensation model dooms their motion for summary judgment. Plaintiff's submissions are likewise not sufficient. Because the parties' submissions are neither sufficiently detailed nor sufficiently reliable for this Court to make a determination concerning "reasonable compensation," further submissions must be made before the issue can be resolved.

## CONCLUSION

For the reasons stated above, Magistrate Judge Pitman's February 6, 2015 Report and Recommendation (Dkt. No. 38) is adopted to the extent that it recommends that Defendants' motion for summary judgment be denied, and concludes that the record is not sufficient to permit the Court to determine "reasonable compensation." The Clerk is directed to terminate the motion (Dkt. No. 27).

It is hereby ORDERED that the Court will conduct a conference in this matter on **April 9, 2015 at 10:45 a.m.** in Courtroom 705 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York.

Dated: New York, New York
March 26, 2015

SO ORDERED.

Paul G. Gardephe
United States District Judge

8